**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number *(if known):* _____     Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's Name** | **Washington Prime Management Associates, LLC** |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Spinco Management Associates, LLC** |
| **3. Debtor's federal Employer Identification Number (EIN)** | **46-4797543** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **180 East Broad Street** | |
| Number        Street | Number        Street |
| | P.O. Box |
| **Columbus**        **Ohio**     **43215** | City                State    Zip Code |
| City                State    Zip Code | **Location of principal assets, if different from principal place of business** |
| **Franklin** | Number        Street |
| County | |
| | City                State    Zip Code |

**5. Debtor's website (URL)**     **https://www.washingtonprime.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Washington Prime Management Associates, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7.   Describe debtor's business**

A.   *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.   *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5313 (Activities Related to Real Estate)**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

| Debtor | Washington Prime Management Associates, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **Southern District of Texas** | When | **06/13/2021** |
| | Case number, if known | _____ | | MM/DD/YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                                State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

[1]   The Debtors' estimated number of creditors noted here are provided on a consolidated basis.

Debtor   **Washington Prime Management Associates, LLC**      Case number *(if known)* _____

Name

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      __06/13/2021__
                            MM/DD/YYYY

✖   __/s/ Mark E. Yale__                                      __Mark E. Yale__
Signature of authorized representative of debtor          Printed name

Title   **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**

✖   __/s/ Matthew D. Cavenaugh__                Date   __06/13/2021__
Signature of attorney for debtor                              MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney St., Suite 1900**
Number          Street

**Houston**                                    **Texas**        **77010**
City                                           State          ZIP Code

**(713) 752-4200**                             **mcavenaugh@jw.com**
Contact phone                                  Email address

**24062656**                    **Texas**
Bar number                      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter    11

☐ Check if this is an
amended filing

**RIDER 1**

**List of the Debtor's and its Affiliates' Pending Bankruptcy Cases**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases for procedural purposes under the case number assigned to the chapter 11 case of Washington Prime Group Inc.

| | |
|---|---|
| Washington Prime Group Inc. | Melbourne Square, LLC |
| Washington Prime Group, L.P. | MFC Beavercreek, LLC |
| Bloomingdale Court, LLC | Morgantown Mall LLC |
| Bowie Mall Company, LLC | MSA/PSI Altamonte Limited Partnership |
| Boynton Beach Mall, LLC | MSA/PSI Ocala Limited Partnership |
| C.C. Altamonte Joint Venture | Northwoods Ravine, LLC |
| C.C. Ocala Joint Venture | Northwoods Shopping Center, LLC |
| C.C. Westland Joint Venture | Orange Park Mall, LLC |
| Chautauqua Mall, LLC | Paddock Mall, LLC |
| Chesapeake Center, LLC | Plaza at Buckland Hills, LLC |
| Chesapeake Theater, LLC | Plaza at Countryside, LLC |
| Clay Terrace Partners, LLC | Plaza at Northwood, LLC |
| Coral Springs Joint Venture | Plaza at Tippecanoe, LLC |
| CT Partners, LLC | Richardson Square, LLC |
| Dare Center, LLC | Rockaway Town Court, LLC |
| Dayton Mall III LLC | Rockaway Town Plaza, LLC |
| Downeast LLC | Rolling Oaks Mall, LLC |
| Edison Mall, LLC | Royal Eagle Plaza LLC |
| Empire East, LLC | Royal Eagle Plaza II LLC |
| Fairfax Court Center LLC | Shops at Northeast Mall, LLC |
| Fairfield Town Center, LLC | Simon MV, LLC |
| Fairfield Village, LLC | SM Mesa Mall, LLC |
| Gaitway Plaza, LLC | Southern Hills Mall LLC |
| Greenwood Plus Center, LLC | Southern Park Mall, LLC |
| Jefferson Valley Center LLC | St. Charles Towne Plaza, LLC |
| Keystone Shoppes, LLC | Sunland Park Mall, LLC |
| KI-Henderson Square Associates, L.P. | The Outlet Collection LLC |
| KI-Henderson Square Associates, LLC | Town Center at Aurora II LLC |
| KI-Whitemak Associates, LLC | University Park Mall CC, LLC |
| Lakeview Plaza (Orland), LLC | University Town Plaza, LLC |

| | |
|---|---|
| Lima Center, LLC | Village Park Plaza, LLC |
| Lincoln Crossing, LLC | Villages at MacGregor, LLC |
| Lindale Mall, LLC | Washington Plaza, LLC |
| Mall at Cottonwood II LLC | Washington Prime Management Associates, LLC |
| Mall at Great Lakes, LLC | Washington Prime Property Limited Partnership |
| Mall at Irving, LLC | West Town Corners, LLC |
| Mall at Jefferson Valley, LLC | Westshore Plaza II LLC |
| Mall at Lake Plaza, LLC | Whitemak Associates |
| Mall at Lima, LLC | WPG Management Associates, Inc. |
| Mall at Longview, LLC | WPG Northtown Venture LLC |
| Maplewood Mall, LLC | WPG Rockaway Commons, LLC |
| Markland Fee Owner LLC | WPG Westshore, LLC |
| Markland Mall, LLC | WPG Wolf Ranch, LLC |
| Markland Plaza, LLC | WTM Stockton, LLC |
| Martinsville Plaza, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC, | ) | Case No. 21-[    ] (   ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

<u>**LIST OF EQUITY SECURITY HOLDERS**</u>[1]

| Equity Holders | Address of Equity Holder | Percentage Held |
|---|---|---|
| Washington Prime Group, L.P. | 180 East Broad Street Columbus, Ohio 43215 | 100% |

---

[1] This list serves as the disclosure required to be made pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the petition date. Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (a) File a Consolidated List of Creditors, (b) File a Consolidated List of the 30 Largest Unsecured Creditors, and (c) Redact Certain Personally Identifiable Information, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief*, filed contemporaneously herewith, the Debtors (as defined therein) are seeking relief to file a list of only holders with a 1 percent or more interest in the applicable Debtor.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) ) ) ) ) ) ) | Chapter 11 |
| WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC, | | Case No. 21-[    ] (   ) |
| Debtor. | | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Washington Prime Group, L.P. | 100% |
| Washington Prime Group Inc. | 98.2% |

| Fill in this information to identify the case: |
|---|
| Debtor name: Washington Prime Group Inc. et al |
| United States Bankruptcy Court for the: Southern District of Texas Houston Division |
| Case number (if known): _____ |

☐ Check if this is an
amended filing

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | U.S. Bank National Association c/o U.S. Bank Global Corporate Trust West Side Flats 60 Livingston Avenue St. Paul, MN 55107 \| EP-MN-WS3T United States | Ryan Awes Trust Officer EMAIL - ryan.awes@usbank.com PHONE - (651) 466-6094 FAX - (651) 312-2599 | 2024 Senior Notes Payable | | | | $   720,400,000 |
| 2 | Bank of America, N.A. Mail Code: NC1-026-06-04 900 W Trade Street Charlotte, NC 28255-0001 United States<br><br>Bank of America, N.A. Mail Code: CAS-705-04-09 555 California Street San Francisco, CA 94104 United States | David Tischler Liliana Claar EMAIL - david.tischler@bofa.com; liliana.claar@bofa.com PHONE - (704) 625-4512; (415) 503-5003 FAX - | Unsecured Portion of Amended and Restated Revolving Credit Agreement | | | | $   161,750,000 |
| 3 | Bank of America, N.A. Mail Code: NC1-026-06-04 900 W Trade Street Charlotte, NC 28255-0001 United States<br><br>Bank of America, N.A. Mail Code: CAS-705-04-09 555 California Street San Francisco, CA 94104 United States | David Tischler Liliana Claar EMAIL - david.tischler@bofa.com; liliana.claar@bofa.com PHONE - (704) 625-4512; (415) 503-5003 FAX - | Unsecured Portion of Term Loan due December 2022 | | | | $   87,500,000 |
| 4 | GLAS USA LLC 3 Second Street Suite 206 Jersey City, NJ 07311 United States | Lisha John EMAIL - lisha.john@glas.agency.com PHONE - (201) 839-2181 FAX - | Unsecured Portion of Term Loan due January 2023 | | | | $   85,000,000 |
| 5 | W.E. O'Neil Construction Company 1245 W. Washington Chicago, IL 60607 United States | John Russell President EMAIL - jrussell59@gmail.com PHONE - (773) 686-4841 FAX - (773) 584-0866 | Trade Payable | | | | $   631,199 |
| 6 | Corna Kokosing Construction Company 6235 Westerville Road Westerville, OH 43081 United States | Lori Gillett Chief Executive Officer EMAIL - lgillett@bbfinc.com PHONE - (614) 653-1367 FAX - | Trade Payable | | | | $   432,396 |
| 7 | Nationwide Janitorial Services 4600 Duke Street Suite 430 Alexandria, VA 22304 United States | Janette Pai Kim President and Chief Executive Officer EMAIL - janette.njsi@gmail.com PHONE - (301) 251-8980 FAX - (703) 370-1100 | Trade Payable | | | | $   320,062 |
| 8 | VCC LLC 1 Information Way Ste 300 Little Rock, AR 72202 United States | Sam Alley Chairman and Chief Executive Officer EMAIL - salley@vccusa.com PHONE - (501) 376-0017 FAX - | Trade Payable | | | | $   319,034 |
| 9 | Construction 1 Inc. 101 E. Town Street Suite 401 Columbus, OH 43215 United States | William Moberger Owner EMAIL - swmhoss@aol.com PHONE - (614) 235-0057 FAX - (614) 237-6769 | Trade Payable | | | | $   315,702 |

Debtor: Washington Prime Group Inc. et al.                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | Allied Universal Security 161 Washington Street Suite 600 Conshohocken, PA 19428 United States | Steve Jones Chief Executive Officer EMAIL - steve.jones@aus.com PHONE - (484) 351-1300 FAX - | Trade Payable | | | | $   294,087 |
| 11 | Interstate Cleaning Corporation 1566 North Warson Rd St Louis, MO 63132 United States | John Brauch President EMAIL - jbrauch@safecleaning.net PHONE - (314) 963-1447 FAX - | Trade Payable | | | | $   280,563 |
| 12 | EDC 1660 Huguenot Rd Midlothian, VA 23113 United States | Chris Johnson President EMAIL - cjohnson@edcweb.com PHONE - (804) 897-1977 FAX - (804) 897-0901 | Trade Payable | | | | $   276,580 |
| 13 | Bergman KPRS LLC 2850 Saturn Street Ste 100 Brea, CA 92821 United States | Joel Stensby Partner EMAIL - jstensby@att.com PHONE - (714) 672-0800 FAX - | Trade Payable | | | | $   233,116 |
| 14 | Law Company Inc. 345 Riverview Wichita, KS 67203 United States | Rich Kerschen President EMAIL - kerschen@law-co.com PHONE - (316) 268-0230 FAX - (316) 268-0226 | Trade Payable | | | | $   232,651 |
| 15 | Parking Lot Services LLC 42 Maple Terrace PO Box 220 Hibernia, NJ 07842 United States | Andrew Muller Owner EMAIL - cortney@parkinglotservices.net PHONE - (973) 586-1111 FAX - (973) 586-1112 | Trade Payable | | | | $   228,365 |
| 16 | The Finish Line Inc. 3308 N Mitthoeffer Road Indianapolis, IN 46235-2332 United States | Chad Edmundson Senior Vice President EMAIL - cedmundson@finishline.com PHONE - (317) 899-1022 FAX - | Trade Payable | | | | $   212,905 |
| 17 | Thermodynamics Corp. 8 John Walsh Boulevard Suite 401 Peekskill, NY 10566 United States | Ryan McCormick President EMAIL - ryanm@thermodynamicscorp.com PHONE - (914) 930-8430 FAX - | Trade Payable | | | | $   208,839 |
| 18 | Annapolis Painting Service 2561 Housley Road Annapolis, MD 21401 United States | Rob Bontempo Owner EMAIL - rbontempo@annapolispainting.com PHONE - (410) 224-9722 FAX - | Trade Payable | | | | $   206,494 |
| 19 | MRI Software LLC 28925 Fountain Pkwy Solon, OH 44139 United States | Patrick Ghilani Chief Executive Officer EMAIL - patrick.ghilani@mrisoftware.com PHONE - (215) 889-0662 FAX - | Trade Payable | | | | $   196,867 |
| 20 | Gilliatte General Contractors, Inc. 2515 Bloyd Avenue Indianapolis, IN 46218 United States | Tom Ritman President EMAIL - dalexander@gilliatte.com PHONE - (317) 638-3355 FAX - (317) 634-5997 | Trade Payable | | | | $   196,850 |
| 21 | Fulcrum Construction LLC 1945 The Exchange Suite 400 Atlanta, GA 30339 United States | Mike Arasin Founder and President EMAIL - marasin@fulcrumconstruction.com PHONE - (770) 971-6080 FAX - (770) 612-8115 | Trade Payable | | | | $   185,826 |
| 22 | Skylight Solutions LLC 321 N. Kentucky Avenue Suite 8 Lakeland, FL 33801 United States | Craig DeSha Chief Executive Officer EMAIL - craig@skylightsolutions.net PHONE - (863) 688-6595 FAX - | Trade Payable | | | | $   108,000 |
| 23 | Collins Building Services, Inc. 24-01 44th Road 15th Floor Long Island City, NY 11101 United States | Boris Gonzalez Director of Operations Planning and Analytics EMAIL - PHONE - (212) 896-5146 FAX - (212) 896-5120 | Trade Payable | | | | $   100,307 |
| 24 | Arrow Stripe Co. 20085 Fairway Court Woodbridge, CA 95258 United States | Jason Reich President EMAIL - arrowstripe@sbcglobal.net PHONE - (209) 662-0090 FAX - | Trade Payable | | | | $   99,950 |
| 25 | Aid Electric Corporation 1622 93rd Lane NE Blaine, MN 55449 United States | Jesse Skluzacek Vice President EMAIL - jesse@aidelectriccorp.com PHONE - (763) 571-7267 FAX - | Trade Payable | | | | $   90,764 |

Debtor: Washington Prime Group Inc. <u>et al.</u>                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | Nelco Architecture Inc.<br>2 Burlington Woods Dr<br>Fl. 3<br>Burlington, MA 01803<br>United States | Rick LeBlanc<br>President and Chief Executive Officer<br>EMAIL - rleblanc@nelcoworldwide.com<br>PHONE - (215) 825-7944<br>FAX - (781) 932-8647 | Trade Payable | | | | $          89,364 |
| 27 | Emma Inc.<br>Dept CH 19190<br>Palatine, IL 60055-9190<br>United States | Danielle Westerhoff<br><br>EMAIL - dwesterhoff@campaignmonitor.com<br>PHONE - (888) 493-2525<br>FAX - | Trade Payable | | | | $          85,092 |
| 28 | S&P Global Ratings<br>55 Water Street<br>New York, NY 10041<br>United States | Douglas L. Peterson<br>Chief Executive Officer<br>EMAIL - douglas.l.peterson@gmail.com<br>PHONE - (212) 438-1000<br>FAX - | Trade Payable | | | | $          82,000 |
| 29 | Moody's Investors Service<br>250 Greenwich Street<br>7 World Trade Center<br>New York City, NY 10007<br>United States | Rob Fauber<br>Chief Executive Officer<br>EMAIL - robert.fauber@moodys.com<br>PHONE - (212) 553-3895<br>FAX - (212) 553-4700 | Trade Payable | | | | $          80,000 |
| 30 | Brown Electric Inc.<br>70 Industrial Park Drive<br>Waldorf, MD 20602<br>United States | Erik Brown<br><br>EMAIL -<br>PHONE - (301) 899-3220<br>FAX - (301) 899-1701 | Trade Payable | | | | $          76,471 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

Fill in this information to identify the case and this filing:

Debtor Name     **Washington Prime Management Associates, LLC**

United States Bankruptcy Court for the:         Southern District of Texas

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other documents that require a declaration__**List of Equity Security Holders and Corporate Ownership Statement**__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 06/13/2021 | ☒ */s/ Mark E. Yale* |
| --- | --- |
| MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Mark E. Yale** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

**Official Form 202**              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# RESOLUTION OF THE BOARD OF DIRECTORS
# OF WASHINGTON PRIME GROUP INC.

June 13, 2021

The undersigned, being all of the members of the Board of Directors (the "Board") of Washington Prime Group Inc., an Indiana corporation (the "Corporation" or "WPG"), including all of the independent members of the Board, acting by written consent in lieu of a meeting, pursuant to the Amended and Restated Bylaws of the Corporation and Section 23-1-34-2, as amended, of the Indiana Business Corporation Law, do hereby adopt the following resolutions:

## Restructuring Support Agreement

**WHEREAS**, the Corporation is party to that certain restructuring support agreement (the "RSA") dated as of June 11, 2021, by and among the Corporation and its affiliates listed on **Exhibit A** hereto (collectively, the "Company Parties"), the Consenting 2018 Credit Facility Lenders, the Consenting 2015 Credit Facility Lenders, the Consenting Weberstown Lenders, and the Consenting Unsecured Noteholders (each, as defined in the RSA), including, without limitation, those transactions set forth on the term sheet attached thereto, which RSA documents the support of those consenting parties for a comprehensive restructuring of the Corporation's capital structure on the terms set forth therein.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby adopts the resolutions below.

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Corporation (including a consideration of its creditors and other parties in interest) to have entered into the RSA, and that the Company Parties' performance of obligations under the RSA and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Board.

## Chapter 11 Filing

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business.

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Corporation and to fully consider each of the strategic alternatives available to the Corporation.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby adopts the resolutions below.

**RESOLVED FURTHER**, that, in the judgment of the Board, it is desirable and in the best interests of the Corporation (including a consideration of its creditors and other parties in interest) that the Corporation and each of the Company Parties hereto shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court")

and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED FURTHER**, that the Corporation's Chief Executive Officer, Chief Financial Officer, and any Executive Vice President or Senior Vice President (the "Authorized Officers"), and each of them, be and hereby are, authorized and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business, in the name and on behalf of the Corporation and its subsidiaries.

## Retention of Professionals

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Guggenheim Securities, LLC ("Guggenheim Securities"), as investment banker to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim Securities.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Alvarez and Marsal L.L.C. ("A&M"), as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP ("Ernst & Young") as audit services provider to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte Tax LLP ("Deloitte") as tax services provider to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute an appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case.

## Prepetition and DIP Collateral and Debtor-in-Possession Financing

**WHEREAS**, the Corporation will obtain benefits from the use of collateral which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)     that certain Amended and Restated Revolving Credit and Term Loan Agreement, dated as of January 22, 2018 (as amended by that certain Amendment No. 1 to Amended and Restated Revolving Credit and Term Loan Agreement, dated as of August 13, 2020, and as further amended, restated, amended and restated, supplemented, or otherwise modified prior to the date hereof, the "2018 Credit

Agreement"), by and among WPG LP, the direct and indirect subsidiaries of the Corporation identified on **Exhibit B** hereto as guarantors (the "Guarantors"), the lenders party from time to time thereto, and Bank of America, N.A, as agent (and any successor agent);

(b)     that certain Term Loan Credit Agreement, dated as of December 10, 2015 (as amended by that certain Amendment No. 1 to Term Loan Agreement, dated as of January 22, 2018, as amended by that certain Amendment No. 2 to Term Loan Credit Agreement, dated as of August 13, 2020, and as further amended, restated, amended and restated, supplemented, or otherwise modified prior to the date hereof, the "2015 Credit Agreement"), by and among WPG LP, the Guarantors, the lenders party from time to time party thereto, and GLAS USA LLC and Americas LLC (collectively, "GLAS"), as agent; and

(c)     that certain Senior Secured Term Loan Agreement, dated as of June 8, 2016 (as amended by that certain First Amendment and waiver to Senior Secured Term Loan Agreement, dated as of December 23, 2016, as amended by that certain Second Amendment and Waiver to Senior Secured Term Loan Agreement, dated as of April 10, 2018, as amended by that certain Third Amendment to Senior Secured Term Loan Agreement, dated as of August 13, 2020, and as further amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "Weberstown Term Loan Facility Agreement"), by and among WPG LP, WTM Stockton, LLC, the lenders party from time to time thereto, and GLAS, as agent.

**WHEREAS**, after a marketing process and negotiations with its stakeholders, the Corporation has negotiated with the lenders from time to time party thereto to provide a superpriority debtor-in-possession delayed draw term loan facility in an amount up to $100 million to the Companies (the "DIP Facility"), which would be used to fund the Corporation's operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, tenants, and other stakeholders in the ordinary course of business during the Chapter 11 Cases.

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Corporation regarding the DIP Facility.

**WHEREAS**, the members of the Board have been advised of the material terms of that certain Superpriority Debtor-in-Possession Delayed Draw Term Loan Credit Agreement, dated as of, or about, the date hereof, by and among Washington Prime Group L.P. ("WPG LP"), as borrower, (the "Borrower") and all other direct and indirect subsidiaries of the Borrower that are debtors and debtors in possession, as guarantors, the lenders party thereto from time to time (collectively, the "DIP Lenders"), and GLAS USA LLC, as administrative agent and GLAS AMERICAS LLC, as collateral agent (and, together with GLAS USA LLC, as administrative agent, the "DIP Agent") (with such changes, additions, deletions, amendments, or other modifications thereto as each Authorized Officer (as defined below) may in their sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement")).

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Corporation entering into the DIP Credit Agreement or satisfying certain conditions in the DIP Credit Agreement, as applicable.

**WHEREAS**, the Corporation will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interests of the Corporation to enter into the DIP Credit Agreement and each other Loan Document (as defined in the DIP Credit Agreement) and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby adopts the resolutions below.

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Credit Agreement, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted, if any, in connection therewith, be, and hereby are, authorized, adopted and approved.

**RESOLVED FURTHER**, that, in the judgment of the Board, it is desirable and in the best interests of the Corporation (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement and each other Loan Document, subject to appropriate modifications and final negotiations, and the Corporation's performance of its obligations thereunder, including granting liens, guarantees, and equity pledges.

**RESOLVED FURTHER**, that the Corporation's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Corporation, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in their sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

**RESOLVED FURTHER**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Officer may in their sole and absolute discretion approve (collectively, the "DIP Financing Orders"), and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of collateral in connection with the Chapter 11 Cases, which agreements may require the Prepetition Grantors (as defined in the DIP Financing Orders) to grant adequate protection and liens to the Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Prepetition Grantor pursuant thereto or in connection therewith, all with such changes therein

and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED FURTHER**, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other Loan Documents to which the Corporation is party thereto, (ii) the grant as collateral under the Loan Documents of (a) liens on the Principal DIP Grantors' (as defined in the DIP Financing Orders) Principal DIP Collateral Properties set forth on <u>Schedule A</u> to the DIP Financing Orders and (b) pledges of the Principal DIP Pledged Equity (as defined in the DIP Financing Orders) as listed on <u>Schedule B</u> to the DIP Financing Orders, (iii) the guaranty of obligations by the DIP Guarantors (as defined in the DIP Financing Orders) under the Loan Documents, from which the Corporation will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Officer or other officer of the Corporation is hereby authorized, empowered, and directed, in the name of and on behalf of the Corporation, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Board, the Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Corporation is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "<u>Financing Documents</u>"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Officer executing the same shall approve.

**RESOLVED FURTHER**, that the Corporation, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "<u>Financing Transactions</u>"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby are, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to file or to authorize the DIP Agent to file any real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Corporation, in each case pursuant to the DIP Financing Orders.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees

and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Corporation's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby adopts the resolutions below.

### Backstop Commitment Agreement

**WHEREAS**, the Corporation has negotiated and entered into a backstop commitment agreement, dated on or about the date hereof, in the form or substantially in the form submitted to the Board (the "Backstop Commitment Agreement"), which authorizes the Corporation to issue new common stock pursuant to the terms set forth therein.

**WHEREAS**, the Corporation will obtain benefits from the Backstop Commitment Agreement and it is advisable and in the best interests of the Corporation to enter into the Backstop Commitment Agreement and to perform its obligations thereunder.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby adopts the resolutions below.

**RESOLVED FURTHER**, that the form, terms, and provisions of the Backstop Commitment Agreement, and the transactions contemplated by the Backstop Commitment Agreement (including, without limitation, the issuance of stock thereunder), and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, if any, in connection therewith, be, and hereby are, authorized, adopted and approved.

**RESOLVED FURTHER**, that, in the judgment of the Board, it is desirable and in the best interests of the Corporation (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, subject to appropriate modifications and final negotiations, and the Corporation's performance of its obligations thereunder.

### General

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Officers be, and hereby is, authorized and directed to do and perform all such other acts, deeds and things and to make, negotiate, execute, deliver and file, or cause to be made, negotiated, executed, delivered and filed, all such agreements, undertakings, documents, plans, instruments, certificates, registrations, notices or statements as such Authorized Officer may deem necessary or advisable to effectuate or carry out fully the purpose of

the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are, approved, ratified and confirmed.

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents the Corporation, or hereby waive any right to have received such notice.

**RESOLVED FURTHER**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument, and that this written consent may be delivered via facsimile or electronic transmission with the same force and effect as if it had been delivered manually.

**RESOLVED FURTHER**, that any acts of the Authorized Officers, which acts would have been authorized pursuant to the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved as authorized acts by executive officers on behalf of the Corporation.

**RESOLVED FURTHER**, that any Authorized Officer may take any action or execute any document as such Authorized Officer may deem to be necessary or advisable, the taking of such action or the execution of such document by any such Authorized Officer shall be conclusive evidence that such Authorized Officer deems such action or the execution and delivery of such document to be necessary or advisable and to be conclusive evidence that the same is within the authority conferred by this resolution and the foregoing resolutions.

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_Robert J. Laikin_
19C1AFB2EB59450...
Robert J. Laikin, Board Chairman

_TTo OTo_
FBC749F8559D436...
J. Taggart Birge

_Sheryl G. von Blucher_
ED8D1646719C414...
Sheryl G. von Blucher

_____
John F. Levy

_John Dillon_
C0F0E2499848490...
John J. Dillon

_Louis Conforti_
4B0BDA31E4384FA...
Louis G. Conforti

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Robert J. Laikin, Board Chairman

_____
J. Taggart Birge

_____
Sheryl G. von Blucher

DocuSigned by:

*John Levy*

C57DEB6F375D4BA...

_____
John F. Levy

_____
John J. Dillon

_____
Louis G. Conforti

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Washington Prime Group, L.P.**

By:  Washington Prime Group Inc., an Indiana
corporation, as sole general partner

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

> **Bowie Mall Company, LLC**
> **Jefferson Valley Center, LLC**
>
> By:  Washington Prime Group Inc., an Indiana
>      corporation, a member
>
> AND
>
> By:  Washington Prime Group, L.P., an Indiana
>      limited partnership member
>
>
> By: _____
>      Mark E. Yale
>      Executive Vice President and Chief
>      Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

| | |
|---|---|
| **Bloomingdale Court, LLC** | **Orange Park Mall, LLC** |
| **Boynton Beach Mall, LLC** | **Paddock Mall, LLC** |
| **Chautauqua Mall, LLC** | **Plaza at Buckland Hills, LLC** |
| **Chesapeake Center, LLC** | **Plaza at Countryside, LLC** |
| **Chesapeake Theater, LLC** | **Plaza at Northwood, LLC** |
| **CT Partners, LLC** | **Plaza at Tippecanoe, LLC** |
| **Dare Center, LLC** | **Richardson Square, LLC** |
| **Dayton Mall III, LLC** | **Rockaway Town Court, LLC** |
| **Downeast LLC** | **Rockaway Town Plaza, LLC** |
| **Edison Mall, LLC** | **Rolling Oaks Mall, LLC** |
| **Empire East, LLC** | **Royal Eagle Plaza, LLC** |
| **Fairfax Court Center LLC** | **Royal Eagle Plaza II, LLC** |
| **Fairfield Town Center, LLC** | **Shops at Northeast Mall, LLC** |
| **Fairfield Village, LLC** | **Simon MV, LLC** |
| **Keystone Shoppes, LLC** | **SM Mesa Mall, LLC** |
| **KI-Henderson Square Associates, LLC** | **Southern Park Mall, LLC** |
| **KI-Whitemak Associates, LLC** | **St. Charles Towne Plaza, LLC** |
| **Lakeview Plaza (Orland), LLC** | **Sunland Park Mall, LLC** |
| **Lima Center, LLC** | **The Outlet Collection LLC** |
| **Lincoln Crossing, LLC** | **Town Center at Aurora II LLC** |
| **Lindale Mall, LLC** | **University Park Mall CC, LLC** |
| **Mall at Cottonwood II LLC** | **University Town Plaza, LLC** |
| **Mall at Great Lakes, LLC** | **Villages at MacGregor, LLC** |
| **Mall at Lake Plaza, LLC** | **Village Park Plaza, LLC** |
| **Mall at Lima, LLC** | **WPG Management Associates, Inc.** |
| **Mall at Longview, LLC** | **Washington Plaza, LLC** |
| **Mall at Irving, LLC** | **Washington Prime Management** |
| **Maplewood Mall, LLC** | **Associates, LLC** |
| **Martinsville Plaza, LLC** | **Westshore Plaza II LLC** |
| **Melbourne Square, LLC** | **WPG Northtown Venture, LLC** |
| **MFC Beavercreek, LLC** | **WPG Rockaway Commons, LLC** |
| **Morgantown Mall LLC** | **WPG Westshore, LLC** |
| **Northwoods Ravine, LLC** | **WPG Wolf Ranch, LLC** |
| **Northwoods Shopping Center, LLC** | **WTM Stockton, LLC** |

By: Washington Prime Group, L.P., an Indiana
limited partnership, as their sole member

By: Washington Prime Group Inc., an Indiana
corporation, its sole member

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Clay Terrace Partners, LLC**

By: CT Partners, LLC, an Indiana limited liability
     company, a member

By: _____
     Mark E. Yale
     Executive Vice President and Chief
     Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Greenwood Plus Center, LLC**
**Markland Plaza, LLC**

By:  St. Charles Towne Plaza, LLC, a Delaware limited liability company, as their sole member

By: _____
      Mark E. Yale
      Executive Vice President and Chief
      Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Markland Fee Owner LLC**
**Markland Mall, LLC**

By:  Bowie Mall Company, LLC, a Delaware
limited liability company, as their sole member

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**KI-Henderson Square Associates, L.P.**

By:  Washington Prime Group, L.P., an Indiana limited partnership, as its sole limited partner

      By:  Washington Prime Group Inc., an Indiana corporation, its sole general partner

            By: _____
               Mark E. Yale
               Executive Vice President and
               Chief Financial Officer

AND

By:  KI-Henderson Square Associates, LLC, a Pennsylvania limited liability company, its sole general partner

      By: _____
         Mark E. Yale
         Executive Vice President and Chief Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Whitemak Associates**

By:   Washington Prime Group, L.P., an Indiana limited partnership, as its sole limited partner

    By:   Washington Prime Group Inc., an Indiana corporation, its sole general partner

        By:   _____
              Mark E. Yale
              Executive Vice President and Chief Financial Officer

AND

By:   KI-Whitemak Associates, LLC, a Pennsylvania limited liability company, as its sole general partner

    By:   _____
        Mark E. Yale
        Executive Vice President and Chief Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Mall at Jefferson Valley, LLC**
**Southern Hills Mall LLC**

By:  Jefferson Valley Center LLC, a Delaware
limited liability company, as their sole member

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Coral Springs Joint Venture**

By:   Royal Eagle Plaza II LLC, a Delaware limited
      liability company, a general partner


By: _____
      Mark E. Yale
      Executive Vice President and Chief
      Financial Officer


AND

By:   Royal Eagle Plaza LLC, a Delaware limited
      liability company, a general partner


By: _____
      Mark E. Yale
      Executive Vice President and Chief
      Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**MSA/PSI Altamonte Limited Partnership**
**MSA/PSI Ocala Limited Partnership**

By:  Simon MV, LLC, a Delaware limited liability
company, as their limited partner

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

AND

By:  Washington Prime Group, L.P., an Indiana
limited partnership, as their general partner

By:  Washington Prime Group Inc., an Indiana
corporation, its sole general partner

By: _____
Mark E. Yale
Executive Vice President and Chief
Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corproation as of the date above first written.

**C.C. Ocala Joint Venture**

By:  MSA/PSI Ocala Limited Partnership, an Indiana limited partnership, a general partner

    By:  Washington Prime Group, L.P., an Indiana limited partnership, a general partner

        By:  Washington Prime Group Inc., an Indiana corporation, its general partner

            By: _____
                Mark E. Yale
                Executive Vice President and
                Chief Financial Officer

AND

By:  Washington Prime Group, L.P., an Indiana limited partnership, a general partner

    By:  Washington Prime Group Inc., an Indiana corporation, its general partner

        By: _____
            Mark E. Yale
            Executive Vice President and
            Chief Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Gaitway Plaza, LLC**

By: C.C. Ocala Joint Venture, an Indiana general partnership, as its sole member

 By: Washington Prime Group, L.P., an Indiana limited partnership, a general partner

  By: Washington Prime Group Inc., an Indiana corporation, its sole general partner

  By: _____
      Mark E. Yale
      Executive Vice President and
      Chief Financial Officer

AND

By: Washington Prime Group Inc., an Indiana corporation, a general partner

 By: _____
     Mark E. Yale
     Executive Vice President and Chief
     Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**C.C. Altamonte Joint Venture**

By:   MSA/PSI Altamonte Limited Partnership, an Indiana limited partnership

By:   Washington Prime Group, L.P., an Indiana limited partnership, a general partner

By:   Washington Prime Group Inc., an Indiana corporation, its sole general partner

By: _____
Mark E. Yale
Executive Vice President and
Chief Financial Officer

AND

By:   Washington Prime Group Inc., an Indiana corporation, a general partner

By: _____
Mark E. Yale
Executive Vice President and Chief Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**C.C. Westland Joint Venture**

By: MSA/PSI Westland Limited Partnership, an Indiana limited partnership, its managing general partner

By: Washington Prime Group, L.P., an Indiana limited partnership, a general partner

By: Washington Prime Group Inc., an Indiana corporation, its sole general partner

By: _____
Mark E. Yale
Executive Vice President and
Chief Financial Officer

AND

By: Washington Prime Group Inc., an Indiana corporation, a general partner

By: _____
Mark E. Yale
Executive Vice President and
Chief Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**West Town Corners, LLC**

By:   C.C. Altamonte Joint Venture, an Indiana general partnership, as its sole member

　　　By:   Washington Prime Group, L.P., an Indiana limited partnership, a general partner

　　　　　By:   Washington Prime Group Inc., an Indiana corporation, its sole general partner

　　　　　　　By:   _____
　　　　　　　　　Mark E. Yale
　　　　　　　　　Executive Vice President and
　　　　　　　　　Chief Financial Officer

　　　AND

　　　By:   Washington Prime Group Inc., an Indiana corporation, a general partner

　　　　　By:   _____
　　　　　　　Mark E. Yale
　　　　　　　Executive Vice President and Chief
　　　　　　　Financial Officer

**IN WITNESS WHEREOF**, the undersigned represents that the Board has authorized the undersigned to execute this written consent on behalf of the Corporation as of the date above first written.

**Washington Prime Property Limited Partnership**

By:  Washington Prime Properties, LLC, a Delaware limited liability company, as its sole general partner

By: _____
Mark E. Yale
Executive Vice President and Chief Financial Officer

AND

By:  WPG Subsidiary Holdings I, LLC, a Maryland limited liability company, as its sole limited partner

By: _____
Mark E. Yale
Executive Vice President and Chief Financial Officer

## EXHIBIT A

**WASHINGTON PRIME GROUP INC.**, an Indiana corporation

**WASHINGTON PRIME GROUP, L.P.**, an Indiana limited partnership

**BLOOMINGDALE COURT, LLC**, a Delaware limited liability company

**BOWIE MALL COMPANY, LLC**, a Delaware limited liability company

**BOYNTON BEACH MALL, LLC**, an Indiana limited liability company

**C.C. ALTAMONTE JOINT VENTURE**, an Indiana general partnership

**C.C. OCALA JOINT VENTURE**, an Indiana general partnership

**C.C. WESTLAND JOINT VENTURE**, an Indiana general partnership

**CHAUTAUQUA MALL, LLC**, an Indiana limited liability company

**CHESAPEAKE CENTER, LLC**, an Indiana limited liability company

**CHESAPEAKE THEATER, LLC**, a Delaware limited liability company

**CLAY TERRACE PARTNERS, LLC**, a Delaware limited liability company

**CORAL SPRINGS JOINT VENTURE**, an Indiana general partnership

**CT PARTNERS, LLC**, an Indiana limited liability company

**DARE CENTER, LLC**, an Indiana limited liability company

**DAYTON MALL III LLC**, a Delaware limited liability company

**DOWNEAST LLC**, a Delaware limited liability company

**EDISON MALL, LLC**, an Indiana limited liability company

**EMPIRE EAST, LLC**, a Delaware limited liability company

**FAIRFAX COURT CENTER LLC**, a Delaware limited liability company

**FAIRFIELD TOWN CENTER, LLC**, an Indiana limited liability company

**FAIRFIELD VILLAGE, LLC**, a Delaware limited liability company

**GAITWAY PLAZA, LLC**, a Delaware limited liability company

**GREENWOOD PLUS CENTER, LLC**, an Indiana limited liability company

**JEFFERSON VALLEY CENTER LLC**, an Indiana limited liability company

**KEYSTONE SHOPPES, LLC**, an Indiana limited liability company

**KI-HENDERSON SQUARE ASSOCIATES, LLC**, a Pennsylvania limited liability company

**KI-HENDERSON SQUARE ASSOCIATES, L.P.**, a Pennsylvania limited partnership

**KI-WHITEMAK ASSOCIATES, LLC**, a Pennsylvania limited liability company

**LAKEVIEW PLAZA (ORLAND), LLC**, a Delaware limited liability company

**LIMA CENTER, LLC**, an Indiana limited liability company

**LINCOLN CROSSING, LLC**, an Indiana limited liability company

**LINDALE MALL, LLC**, a Delaware limited liability company

**MALL AT COTTONWOOD II LLC**, a Delaware limited liability company

**MALL AT GREAT LAKES, LLC**, a Delaware limited liability company

**MALL AT IRVING, LLC**, an Indiana limited liability company

**MALL AT JEFFERSON VALLEY, LLC**, an Indiana limited liability company

**MALL AT LAKE PLAZA, LLC**, an Indiana limited liability company

**MALL AT LIMA, LLC**, an Indiana limited liability company

**MALL AT LONGVIEW, LLC**, an Indiana limited liability company

**MAPLEWOOD MALL, LLC**, an Indiana limited liability company

**MARKLAND FEE OWNER LLC**, a Delaware limited liability company

**MARKLAND MALL, LLC**, a Delaware limited liability company

**MARKLAND PLAZA, LLC**, an Indiana limited liability company

**MARTINSVILLE PLAZA, LLC**, an Indiana limited liability company

**MELBOURNE SQUARE, LLC**, an Indiana limited liability company

**MFC BEAVERCREEK, LLC**, a Delaware limited liability company

**MORGANTOWN MALL LLC**, a Delaware limited liability company

**MSA/PSI ALTAMONTE LIMITED PARTNERSHIP**, an Indiana limited partnership

**MSA/PSI OCALA LIMITED PARTNERSHIP**, an Indiana limited partnership

**NORTHWOODS RAVINE, LLC**, a Delaware limited liability company

**NORTHWOODS SHOPPING CENTER, LLC**, an Indiana limited liability company

**ORANGE PARK MALL, LLC**, an Indiana limited liability company

**PADDOCK MALL, LLC**, an Indiana limited liability company

**PLAZA AT BUCKLAND HILLS, LLC**, a Delaware limited liability company

**PLAZA AT COUNTRYSIDE, LLC**, an Indiana limited liability company

**PLAZA AT NORTHWOOD, LLC**, an Indiana limited liability company

**PLAZA AT TIPPECANOE, LLC**, an Indiana limited liability company

**RICHARDSON SQUARE, LLC**, an Indiana limited liability company

**ROCKAWAY TOWN COURT, LLC**, an Indiana limited liability company

**ROCKAWAY TOWN PLAZA, LLC**, an Indiana limited liability company

**ROLLING OAKS MALL, LLC**, a Delaware limited liability company

**ROYAL EAGLE PLAZA LLC**, a Delaware limited liability company

**ROYAL EAGLE PLAZA II LLC**, a Delaware limited liability company

**SHOPS AT NORTHEAST MALL, LLC**, an Indiana limited liability company

**SIMON MV, LLC**, a Delaware limited liability company

**SM MESA MALL, LLC**, a Delaware limited liability company

**SOUTHERN HILLS MALL LLC**, a Delaware limited liability company

**SOUTHERN PARK MALL, LLC**, an Indiana limited liability company

**ST. CHARLES TOWNE PLAZA, LLC**, a Delaware limited liability company

**SUNLAND PARK MALL, LLC**, an Indiana limited liability company

**THE OUTLET COLLECTION LLC**, a Delaware limited liability company

**TOWN CENTER AT AURORA II LLC**, a Delaware limited liability company

**UNIVERSITY PARK MALL CC, LLC**, a Delaware limited liability company

**UNIVERSITY TOWN PLAZA, LLC**, an Indiana limited liability company

**VILLAGE PARK PLAZA, LLC**, a Delaware limited liability company

**VILLAGES AT MACGREGOR, LLC**, an Indiana limited liability company

**WASHINGTON PLAZA, LLC**, an Indiana limited liability company

**WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC**, an Indiana limited liability company

**WASHINGTON PRIME PROPERTY LIMITED PARTNERSHIP**, a Delaware limited partnership

**WEST TOWN CORNERS, LLC**, a Delaware limited liability company

**WESTSHORE PLAZA II LLC**, a Delaware limited liability company

**WHITEMAK ASSOCIATES**, a Pennsylvania limited partnership

**WPG MANAGEMENT ASSOCIATES, INC.**, an Indiana corporation

**WPG NORTHTOWN VENTURE LLC**, a Delaware limited liability company

**WPG ROCKAWAY COMMONS, LLC**, an Indiana limited liability company

**WPG WESTSHORE, LLC**, a Delaware limited liability company

**WPG WOLF RANCH, LLC**, an Indiana limited liability company

**WTM STOCKTON, LLC**, a Delaware corporation

## EXHIBIT B

**WPG WOLF RANCH, LLC**, an Indiana limited liability company

**BLOOMINGDALE COURT, LLC**, a Delaware limited liability company

**WPG ROCKAWAY COMMONS, LLC**, an Indiana limited liability company

**SHOPS AT NORTHEAST MALL, LLC**, an Indiana limited liability company

**VILLAGE PARK PLAZA, LLC**, a Delaware limited liability company

**PLAZA AT BUCKLAND HILLS, LLC**, a Delaware limited liability company

**LAKEVIEW PLAZA (ORLAND), LLC**, a Delaware limited liability company

**FAIRFIELD TOWN CENTER, LLC**, an Indiana limited liability company

**EMPIRE EAST, LLC**, a Delaware limited liability company

**PLAZA AT COUNTRYSIDE, LLC**, an Indiana limited liability company

**CHESAPEAKE CENTER, LLC**, an Indiana limited liability company

**RICHARDSON SQUARE, LLC**, an Indiana limited liability company

**UNIVERSITY PARK MALL CC, LLC**, a Delaware limited liability company

**KEYSTONE SHOPPES, LLC**, an Indiana limited liability company

**LINCOLN CROSSING, LLC**, an Indiana limited liability company

**PLAZA AT NORTHWOOD, LLC**, an Indiana limited liability company

**MALL AT LAKE PLAZA, LLC**, an Indiana limited liability company

**ORANGE PARK MALL, LLC**, an Indiana limited liability company

**THE OUTLET COLLECTION LLC**, a Delaware limited liability company

**WPG WESTSHORE, LLC**, a Delaware limited liability company

**PADDOCK MALL, LLC**, an Indiana limited liability company

**SM MESA MALL, LLC**, a Delaware limited liability company

**SIMON MV, LLC**, a Delaware limited liability company

**ST. CHARLES TOWNE PLAZA, LLC**, a Delaware limited liability company

**CT PARTNERS, LLC**, an Indiana limited liability company

**WPG NORTHTOWN VENTURE LLC**, a Delaware limited liability company

**KI-HENDERSON SQUARE ASSOCIATES, LLC**, a Pennsylvania limited liability company

**KI-HENDERSON SQUARE ASSOCIATES, L.P.**, a Pennsylvania limited partnership

**GREENWOOD PLUS CENTER, LLC**, an Indiana limited liability company

**MARKLAND PLAZA, LLC**, an Indiana limited liability company

**CLAY TERRACE PARTNERS, LLC**, a Delaware limited liability company

**WASHINGTON PRIME PROPERTY LIMITED PARTNERSHIP**, a Delaware limited partnership

**C.C. OCALA JOINT VENTURE**, an Indiana general partnership

**GAITWAY PLAZA, LLC**, a Delaware limited liability company

**C.C. ALTAMONTE JOINT VENTURE**, an Indiana general partnership

**WEST TOWN CORNERS, LLC**, a Delaware limited liability company

**BOWIE MALL COMPANY, LLC**, a Delaware limited liability company

**MSA/PSI ALTAMONTE LIMITED PARTNERSHIP**, an Indiana limited partnership

**MSA/PSI OCALA LIMITED PARTNERSHIP**, an Indiana limited partnership

**BOYNTON BEACH MALL, LLC**, an Indiana limited liability company

**C.C. WESTLAND JOINT VENTURE**, an Indiana general partnership

**CHAUTAUQUA MALL, LLC**, an Indiana limited liability company

**CHESAPEAKE THEATER, LLC**, a Delaware limited liability company

**CORAL SPRINGS JOINT VENTURE**, an Indiana general partnership

**DARE CENTER, LLC**, an Indiana limited liability company

**DAYTON MALL III LLC**, a Delaware limited liability company

**DOWNEAST LLC**, a Delaware limited liability company

**EDISON MALL, LLC**, an Indiana limited liability company

**FAIRFAX COURT CENTER LLC**, a Delaware limited liability company

**FAIRFIELD VILLAGE, LLC**, a Delaware limited liability company

**MALL AT LIMA, LLC**, an Indiana limited liability company

**LIMA CENTER, LLC**, an Indiana limited liability company

**LINDALE MALL, LLC**, a Delaware limited liability company

**MALL AT COTTONWOOD II LLC**, a Delaware limited liability company

**MALL AT GREAT LAKES, LLC**, a Delaware limited liability company

**MALL AT IRVING, LLC**, an Indiana limited liability company

**MALL AT JEFFERSON VALLEY, LLC**, an Indiana limited liability company

**MALL AT LONGVIEW, LLC**, an Indiana limited liability company

**MAPLEWOOD MALL, LLC**, an Indiana limited liability company

**MARKLAND FEE OWNER LLC**, a Delaware limited liability company

**MARKLAND MALL, LLC**, a Delaware limited liability company

**MARTINSVILLE PLAZA, LLC**, an Indiana limited liability company

**MELBOURNE SQUARE, LLC**, an
Indiana limited liability company

**MFC BEAVERCREEK, LLC**, a Delaware
limited liability company

**MORGANTOWN MALL LLC**, a
Delaware limited liability company

**NORTHWOODS RAVINE, LLC**, a
Delaware limited liability company

**NORTHWOODS SHOPPING CENTER,
LLC**, an Indiana limited liability company

**PLAZA AT TIPPECANOE, LLC**, an
Indiana limited liability company

**ROCKAWAY TOWN COURT, LLC**, an
Indiana limited liability company

**ROCKAWAY TOWN PLAZA, LLC**, an
Indiana limited liability company

**ROLLING OAKS MALL, LLC**, a
Delaware limited liability company

**SOUTHERN HILLS MALL LLC**, a
Delaware limited liability company

**SOUTHERN PARK MALL, LLC**, an
Indiana limited liability company

**SUNLAND PARK MALL, LLC**, an
Indiana limited liability company

**TOWN CENTER AT AURORA II LLC**,
a Delaware limited liability company

**UNIVERSITY TOWN PLAZA, LLC**, an
Indiana limited liability company

**VILLAGES AT MACGREGOR, LLC**, an
Indiana limited liability company

**WASHINGTON PLAZA, LLC**, an Indiana
limited liability company

**WASHINGTON PRIME
MANAGEMENT ASSOCIATES, LLC**,
an Indiana limited liability company

**WESTSHORE PLAZA II LLC**, a
Delaware limited liability company

**WHITEMAK ASSOCIATES**, a
Pennsylvania limited partnership

**WPG MANAGEMENT ASSOCIATES,
INC.**, an Indiana corporation